## Chiocca *v*. Plains Township, Appellant.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Paul G. Collins,* with him *James W. Scanlon,* for appellant.

*E. C. Marianelli,* for appellee.

PER CURIAM, January 31, 1936:

The claimant's husband, James Chiocca, was killed while at work as a laborer in digging a sewer trench for Plains Township, Luzerne County. He was employed by the Commissioners of Plains Township—a township of the first class, see Act of June 24, 1931, P. L. 1206,—and paid by them. The work, which he was doing when he received his fatal injuries, was part of the construction of a drainage sewer and curb along Hudson Road. The sewer and curb were being constructed by the Township, preparatory to the re-surfacing of the road by the State Department of Highways. The foreman in charge of the re-surfacing of the road for the Department of Highways had, by informal delegation of the township authorities, assumed some direction and supervision of the workmen constructing the drainage sewer and curb, apparently for the purpose of coordinating the work done by the township with that to be done by the Department of Highways;

but the township commissioners hired, paid and discharged all the laborers engaged upon the work to be done by the township. The Department of Highways foreman had no authority to hire or discharge any workman employed by the Plains Township commissioners on the sewer and curb job, nor any direct control over him. Chiocca was in no sense an employee of the Department of Highways and the fact that its foreman may, with the acquiescence or concurrence of the township authorities, have exercised some control or direction over the township work, in coordinating it with the road surfacing job, did not make him (Chiocca) a state employee. The township officials were in control of the work and of the laborers employed on it.

The evidence justified the following findings of fact by the referee, which were adopted by the Workmen's Compensation Board.

"1. On November 8th, 1933, James Chiocca, claimant's deceased husband, was employed by the Commissioners of Plains Township, Luzerne County, Pennsylvania, as a laborer on a sewer construction job.

"At the same time this work was being done by the Commissioners of Plains Township, the Pennsylvania Highway Department was doing a surface job on the same route, but which was in no way connected with the Plains Township sewer project.

"2. The relation of employer and employee existed between James Chiocca and Plains Township, defendant, on November 8th, 1933. ......

"5. About 8:30 A. M., November 8th, 1933, James Chiocca, while actually engaged in furthering the interest of his employer, the Commissioners of Plains Township, sustained injuries to the physical structure of his body by accident that resulted in his death in the Wilkes-Barre General Hospital on the same day."

These findings sustain the award and the judgment

appealed from. They are not subject to review by the courts, except to see if there is competent evidence to support them,—which, in this case, there is.

Judgment affirmed.